VERNON FIRE & CASUALTY INSURANCE CO. *v.* CHARLES E. THATCHER ET UX.

[No. 371A51. Filed February 7, 1973. Transfer denied without majority opinion February 7, 1973.]

*Hickam & Hickam,* of Spencer, for appellant.

*Petri & Holt,* of Spencer, for appellees.

## Concurring Opinion

Arterburn, C.J.—I concur in the denial of transfer in this case. However, I differ with the reasoning of the Court of Appeals. I do not think that we should construct a fictitious fraud in this case in order to support an action for damages for false representation of what was contained in an insurance policy. The policy was sold to insure property which the wording of the policy itself upon delivery excluded. Previously in a concurring opinion, *State Security Life Insurance Company v. Kintner* (1962), 243 Ind. 331, 185 N. E. 2d 527, I had the following to say with reference to liability in such instances:

> "An insurance contract is a detailed and complex instrument, drafted by expert legal counsel, standardized and presented in mass-produced form and delivered to the applicant for acceptance, normally without benefit of legal counsel on his part. It has been called a 'contract of adhesion' for the reason that the insured is expected to 'adhere' to it as it is, with little or no choice as to its terms. The Delivery of a Life Insurance Policy, 33 Harvard Law Review, 198.
>
> Coupled with this situation is the recognized fact that rarely, if ever, does an insured read his insurance contract, although the law has said, with reference to contracts generally, that a party is bound by what the instrument says, though ignorant of its terms. In fact, realistically, even if the insured had the inclination to attempt to read the policy, I doubt that he would gain much more knowledge than he previously had because of the technical language he would encounter. I doubt that most lawyers or even judges (who say one is presumed to have read his insurance policy) ever read them.
>
> There is some analogy between the sale of goods and the sale of an insurance policy as a package. In the sale of goods there is an implied warranty that the article or package is fit for the purposes for which sold. An automobile is sold with the implied warranty that it will run, and it is no defense, if it does not run, to say that the buyer should have looked under the hood before buying and he then would have found there was no engine." *Id.* at 339, 185 N. E. 2d at 531 (*concurring opinion*).

I think there is a much better rationale for handling the problem than for us to attempt to say there was fraud, when actually there was only a mistake as to what the party thought the "package" contained.

NOTE.—Reported in 292 N. E. 2d 606.